```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOISES J. ACCEDE,
```

|  |  |
|---|---|
| Plaintiffs, | Civil Action No.: 16 CV 6222 |
| -against- | **AMENDED COMPLAINT** |
|  | **JURY TRIAL DEMAND** |

```
THE CITY OF NEW YORK , POLICE OFFICER
WILLIAM NEVILLE,TAX REG. 949390, POLICE OFFICER
JUNIOR CELESTIN, TAX REG. 941524, SERGEANT
ARIANA ESTEBAN SHIELD #2665, AND OTHER
UNIDENTIFIED NEW YORKCITY POLICE OFFICERS
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY
                                            Defendants
------------------------------------------------------------------X
```

Plaintiffs by their attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

1. This is a civil action against The City of New York and New York City Police Officers William Neville, Junior Celestin and Sergeant Ariana Esteban, and other unidentified New York City Police Officers, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, unlawful imprisonment, excessive use of force, abuse of process, and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded

upon the existence of a Federal question. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

5. That the plaintiff, Moises J. Accede, resides in Queens, New York.

6. At all times hereinafter mentioned, the defendant City of New York was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, The City of New York, Police Officers William Neville, Junior Celestin, Sergeant Ariana Esteban, and other unidentified New York City Police Officers were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

7. That at all times hereinafter mentioned, defendant officers, and other unidentified police officers, were employed by the defendant, City of New York, as members of its police department.

8. That at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (NYPD), including all the police officers thereof.

9. The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal

law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York and the New York State Constitution.

11. Each and all of acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant The City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant The City of New York.

13. All defendant officers are being sued in both their individual and official capacities.

14. Each and all of acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

15. On July 22, 2014 at approximately 9:00 p.m. in the vicinity of the intersection of Van Wyck Expressway and Linden Boulevard, in the County of Queens, and State of New York, the plaintiff Accede, was a passenger in the front seat of a 2000 Nissan Maxima vehicle that was pulled over by defendant officers.

16. Upon information and belief, that prior to said vehicle being stopped by the defendant officers, it had not violated any vehicle traffic laws.

17. Said vehicle was stopped by an unmarked car with the defendant officers Defendants' Neville, Celestin and Sergeant Esteban who were in plain clothes.

18. That said officers at initial stop did not ask the driver, Martin, for his license or other vehicle identification or information.

19. That the above mentioned non uniformed defendant officers ordered the rear seat passenger, Jones, to exit his passenger seat.

20. That said defendant officers ordered driver, Martin, out of the vehicle.

21. That the defendant officers ordered plaintiff to exit the vehicle and after plaintiff passenger made inquiries - as to why, what did we do? Plaintiff exited the vehicle and within seconds was choked by one defendant officer (Neville) while being punched by the another defendant officer (Celestin).

22. That the plaintiff was unable to breathe and passenger David Jones told defendants to stop choking plaintiff.

23. Plaintiff was taken to the ground by said defendant officers.

24. After the plaintiff was cuffed lying on the ground, he was repeatedly punch in the back of his head by one of the defendants.

25. Driver Martin was held at gunpoint and cuffed and told to remain on the ground.

26. The rear seat passenger Jones was unlawfully beaten and tasered and as a result of the injuries the defendant officers inflicted was taken to the hospital.

27. The defendants use of force was neither reasonable nor justified under the circumstances.

28. The defendants' assault and battery and their use of force were excessive and without legal justification, without the authority of law, and without reasonable necessity to use such force.

29. The defendant officers failed to intervene to prevent violation of plaintiffs' civil rights from occurring.

30. That all defendants were acting in concert to conceal both the assault and battery of plaintiff Accede and Jones as well as the false arrest of plaintiff, Accede and the other occupants and that they failed to report the violation of plaintiffs' civil rights

31. The plaintiff was seized and arrested without probable cause.

32. The plaintiff neither assaulted said officers nor resisted arrest.

33. Defendant officers Neville, Celestin and other defendants, in order to conceal both their unlawful arrests of Plaintiff and Jones and Martin, and their assault and battery and use of excessive force on both Jones and Plaintiff, conspired and caused false charges to be lodged against plaintiff, as well as Jones and Martin.

34. The plaintiff was falsely charged with the crimes of assault and resisting arrest.

35. As part of their conspiracy the defendant Neville and other defendant officers falsely indicated that Driver Martin violated the VTL; however, there were neither formal charges lodged nor tickets issued.

36. The defendant officers continued their conspiracy by preparing false documents and reports to be presented to both the Court as well as the Queens District Attorney's Office

37. The plaintiff was caused to be brought before the Criminal Court of Queens County to be arraigned; and thereafter the plaintiff was required to be amenable to the Court and legal process thereof.

38. The plaintiff was maliciously prosecuted for approximately 11 ½ months.

39. Thereafter the Queens County Assistant District Attorney dismissed all charges and plaintiff's case was dismissed and sealed on June 17, 2015.

40. The plaintiff was caused to be unlawfully imprisoned for 1 day.

41. The plaintiff was wholly innocent of all charges.

42. The plaintiff has never been convicted of a crime.

43. That the defendant Neville has a prior history of violence as alleged in prior civil rights actions.

44. As a result of the defendants' use of excessive force, unlawful imprisonment, and violations of plaintiff's civil rights, the plaintiff was caused to suffer irreparable harm, loss of liberty, physical injury, humiliation, emotional harm and other injuries.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF'S CONSTITUTIONAL VIOLATION PURSUANT TO §1983

45. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

46. The conduct and actions of Defendants Officers and other unidentified police officers, under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false charges, unlawful imprisonment against plaintiff's will and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

    (a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

    (b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free

from unreasonable seizures of his person;

(c) Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

47. As a result of the defendants' conduct, plaintiff was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE USE OF EXCESSIVE AND UNREASONABLE FORCE

48. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49. That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by defendants, who either intentionally, recklessly or negligently assaulted and battered plaintiff.

50. That the said assault and battery of the plaintiff was effected by defendants Neville, Celestin, Esteban and other unidentified defendant officers without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

51. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

52. That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent him being injured and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

53. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, and he was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, loss of liberty, and that plaintiff was otherwise harmed.

### AS FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

54. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

55. The Defendant officers Neville, Celestin and Esteban, issued legal process to place plaintiff under arrest and charged the plaintiff to cover up their wrongful battery of plaintiff Accede and others as well as to conceal their unlawful conduct towards the plaintiff.

56. The Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

57. The Defendant officers acted with intent to do harm to plaintiff without excuse or justification.

58. The Defendant officers aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

59. As a result of defendants' conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO 42 U.S.C. §1985
### CONSPIRACY

60. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

61. Each and everyone of the above captioned defendants, acting under color of law, individually and collectively, by way of their actions, omissions and conduct as alleged and set forth in the proceeding paragraphs, did expressly and impliedly conspire to deprive Plaintiff of his Fourth, Fifth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully conceal the violation of plaintiff's civil rights by lying and concealing evidence, thereby hindering and obstructing the due course of justice, with the intent to deny plaintiff the equal protection of the laws.

62. That all of said defendants acted in further concert, to withhold information impeded prosecution of suit, and act in other such ways as to conceal the Defendants' unlawful acts and deprivation of constitutional and statutory rights secured to Plaintiff.

63. Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law, and each of the defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff equal protection of the law and obstruct justice in this matter.

64. As a result of said conspiracy by the Defendants, the Plaintiff has sustained emotional and physical injuries, mental suffering, humiliation, economic harm, embarrassment and otherwise harmed, and damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VICARIOUS LIABILITY
### DEFENDANTS AGREEMENT TO FALISFY FACTS - COVER UP
### 42 USC 1983

65. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

66. Each and everyone of the defendants, Neville, Celestin, Esteban and other defendants, a group of police officers herein, have agreed to knowingly falsified records and testify falsely in order to cover up truth of the unconstitutional conduct and unlawful acts committed by a defendant herein or unidentified uniformed officer.

67. All defendant officers engaging in their group falsification of facts are vicariously liable for the underlying wrongful conduct.

68. As a result of said group falsification, cover up, the plaintiff has sustained emotional, physical injuries, mental suffering, humiliation, economic harm, embarrassment and otherwise harmed, and damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLANITIFF
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS MONELL (STATE & FEDERAL)

69. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

70. At all times materials to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

71. The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

72. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

73. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

74. Despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage

in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

75. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, assaulting and battery a person by the use of excessive and unlawful force, falsely arresting him and falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights. The Defendant City was on notice of Defendant Neville's prior assault, batteries as well as his abusive conduct.

76. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, and the use of excessive and unlawful force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

77. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests, the use of excessive and unlawful force and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior. Failure and or deliberate indifference to investigate and or discipline said conduct has become the custom of the Defendant City and its police force to tolerate the improper beating, illegal arrests and other wrongful actions by its police officers. This behavior was permitted to continue in the case at bar.

78. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where the use of unlawful and excessive force is concealed by false arrest and malicious prosecution upon innocent citizens. Where the upward mobility of the officers within ranks is accomplished. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

79. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

80. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment and the use of excessive and unlawful force by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to resolve said actions. Each year hundreds if not thousands of matters containing allegations of false arrest, unlawful and excessive force and unlawful imprisonment by the defendant New York City and its police officers are settled and/or brought to trial. A multitude of these matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

81. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

    (b)    Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

    (c)    Has failed to properly train, instruct, and discipline police officers with the use of excessive and unlawful force;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to their review of charges and reports of matters involving injury to persons and of use of force and excessive force thereon;

(e) Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

82. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

83. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

84. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to be free from unreasonable seizures and the use of excessive force, right to due process, and right to equal protection of the laws.

85. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

86. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of

individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

87. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF NYS CONSTITUTIONAL VIOLATIONS

88. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

89. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privilege and immunity secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

(a) Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

(b) Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c) Plaintiff was deprived of his rights to be free from the use of excessive or unreasonable force in the course of either a lawful or an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(d) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

90. As a result of the defendants' conduct, Plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FAILURE TO INTERVENE

91. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

92. Each and every individual defendant officer had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

93. The individual defendant officers failed to intervene on plaintiff's, behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

94. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights was violated and he was subjected to use of excessive force and other violations of their constitutional rights.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 USC §1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECTUION

95. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

96. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

97. That said malicious prosecution was initiated by the defendants Neville, Celestin and their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on June 17, 2015.

98. That defendant officers and other unidentified officers swore falsely as to the alleged

criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

99. That the defendants mentioned herein and other unidentified officers misrepresented and falsified evidence before the District Attorney.

100. That the defendants did not make a complete and accurate statement of facts to the prosecutor.

101. That defendants withheld exculpatory evidence from the District Attorney.

102. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

103. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

104. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

105. That defendants acted with malice in their continuation of said false charges.

106. That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

107. Notwithstanding the prejudice and fraudulent conduct of the defendants, the criminal proceeding was terminated in plaintiff's favor and all charges against him were dismissed.

108. That the plaintiff was wholly innocent of all charges.

109. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff is liable to the via his failure to exercise their affirmative duty to intervene.

110. That as a result of the above conduct, the defendants' malicious prosecution caused plaintiff to suffer loss of liberty and other emotional injuries and that the plaintiff was otherwise harmed and injured.

## AS AND FOR AN TENTH CAUSE OF ACTION
## PUNITIVE DAMAGES ON BEHALF OF PLAINTIFF

111. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set

forth set forth herein.

112. The acts of the individual defendants Neville, Celestin and Esteban were willful, wonton, malicious and oppressive. They acted with callous disregard, recklessness and deliberate indifference toward the rights of the Plaintiff and without concern for the damage they would cause. Defendants' acts were motivated by a desire to harm plaintiff without regard for plaintiff's well-being and were based on a lack of concern and ill will toward plaintiff. Such acts therefore deserve an award of One Million ($1,000,000.00) Dollars as punitive damages for Plaintiff.

**WHEREFORE**, in consideration of each and every claim the plaintiffs demands judgment:

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) for Plaintiff;

B. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS for plaintiff;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
February 7, 2017

Yours, etc.,

*Edward Zaloba*

EDWARD ZALOBA, Esq.
Attorney for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000