**EDWARD ZALOBA**
**Attorney at Law**
**118- 21 Queens Boulevard, Ste. 504**
**Forest Hills, NY  11375**
**718-261-3000**
**718-793-0385 fax**

March 7, 2017

<u>VIA ECF</u>
Honorable Brian M. Cogan
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY

                      Re:    Accede v. City
                              16 CV 6222

Honorable Judge:

      I represent the plaintiff in the above captioned matter.  Mr. Accede was a passenger in a vehicle which was pulled over and thereafter he was assaulted and battered by defendant officers.  He was arrested and maliciously prosecuted until said matter was dismissed and sealed.

      On December 27, 2016, an initial conference was held before his Honor and counsels exchanged Interrogatories and Document Requests.  On January 13, 2017, plaintiff sent out a letter requesting that the defendants provide a Stipulation of Confidentiality to be executed so that the matter can be expedited.  The Court did welcome this suggestion at the initial conference.  This letter remained ignored.  Shortly before the defendant's time to answer expired, they requested an extension of time to answer.  Plaintiff consented upon the condition that defendant provide the Stipulation of Confidentiality promptly.  On January 31st, plaintiff received the defendants' alleged response and upon review, it was readily apparent that a vast majority of the requests and demands remained unanswered.  Plaintiff emailed and mailed a three (3) page letter on February 3rd specifying numerous but not all of the deficiencies.  On January 7th, the parties conferenced defendants' non-compliance.   On February 7, 2017, plaintiff sent another email indicating if any clarifications were necessary, please place them in writing and counsel would provide additional clarification if necessary.  The defendants made no indication that compliance would be forth coming.

      On February 9, 2017, plaintiff set forth another letter citing further instances of non-compliance as well as objecting to defendant's inappropriate position that only substantiated complaints within 10 year period would be provided.  The letter not only indicated defendant's failure to identify documents and reports and to produce same but also stated that there were approximately eight (8) officers present -physical force and a taser was utilized- thus numerous police reports were generated and not provided. Furthermore, that given the above, it is evident that police investigations were conducted. On February 14, Plaintiff received a package containing defendants' #s 40-170 – there was no corresponding numbers to plaintiff's interrogatories and/or document demands; just that it was confidential and the materials were unsigned.   Plaintiff immediately wrote a letter on February 15th indicating that this format is unacceptable and cannot be considered a response and is rejected.

      Thereafter on February 16, 2017, substitute counsel was noticed, Mr. Nana Sarpong would now be defense counsel.  I had called him that day and he returned my phone call on February 17th and indicated he would need time to review said file.  It was agreed we would conference said matter on February 21, 2017 concerning non-compliance.  On February 21, 2017, the defendant did not call so an email was sent indicating that plaintiff would proceed with the Court's single letter jointly composed letter.  Later that evening, counsel called and we conferenced the matter and defendant requested additional time to respond to plaintiff's letters of deficiency.  Defendants indicated that in light of their delay, that the defendant would request an enlargement of time to complete factual discovery.  Plaintiff consented and the parties agreed that defendant would respond by the 27th of February.  Emails were sent verifying same.  On February 27th and 28th, the

defendant failed to either call or respond. On March 1, 2017, plaintiff prepared a notice of deposition for non party police officer Wolf. Plaintiff provided a number of available dates and inquired whether the defendants would produce the officer or should the plaintiff subpoena him. In addition, on March 1st plaintiff sent plaintiff's version of the single letter jointly composed for defendants' modifications and additions he may have. The evening of March 1st into March 2nd, defendant sent two responses which had the same attachments Def 172-185. These materials were mainly improperly redacted and some of these blank redactions had already provided. Later that day on March 2, the parties did conference the deficiency issues for approximately an hour, when the parties left off there were no further disclosures nor any estimated dates when compliance would be forthcoming. Plaintiff sent two additional letters on March 3rd reciting what had occurred and requesting defendant's input into the single joint letter so that plaintiff may review and the parties may modify accordingly and submit it to Court. There was no communication and it was clear defendant was not going to comply with the 2:00 pm deadline set forth in plaintiff's March 1st letter. Furthermore, on March 3rd, defendant failed to respond as previously promised concerning the scheduling and production of non-party deposition. Plaintiff did not submit the letter without defendants' input. On March 6th in an email, plaintiff once again asked for defendants' cooperation concerning the non-party deposition and plaintiff provided a partial prosecutor's file which was provided by the defendants in the related matter herein. Plaintiff also reminded defendant that plaintiff would submit the letter with or without his input on March 7th, at 2:00 p.m.

The defendants have failed to respond to the vast majority of plaintiff's interrogatories including but not limited to identification of all police reports, documents and memos generated as a result of both the arrest as well as the alleged injuries suffered by both defendants and, plaintiff(s), who called for medical assistance for all injured parties, who caused photos to be taken, defendants prior transfer, the name of defendant(s) who utilized their cel phone to effectuate the arrest, the names of prosecutors handling the matter, the location of the alleged traffic violation, identification of doctors who treated defendants, etc. The following concerns defendants' deficiencies with reference to documents herein and are not limited hereto; there are numerous police reports not provided as previously mentioned; the entire prosecutor's file has not been produced; the alleged confidential materials – the very limited CCRB, CPI and IAB files are basically completely redacted including the charges, and although the defendants' response of March 1st did contain numerous additional charges, however all underlying complaints, reports, and unredacted narratives have not been provided. It's plaintiff's position that the vast majority of these items are relevant to the charges herein. The performance evaluation are limited to 2007, 2008 for Defendant Neville & Celestin (one year of 2011 or 2012 has been provided) and the rest remain wholly deficient as numerous years are missing from all defendants. The defendants have deliberately refused to state whether an investigation was conducted and likewise failed to provide documents, reports, tapes and photos concerning police investigation; defendants failed to indicate whether any of the defendants were subjected to police monitoring and the records thereof; they refused to provide the 911 tape and the NYC Fire Department tape – nor have copies of both the subpoena as well the receipt for said items been provided; no medical follow up records have been provided; and no photos of either plaintiff and defendants have been provided.

The defendants' willfully continue to refuse to comply with relevant and material requests by plaintiff. The defendants have not indicated that compliance will be forthcoming. Their conduct is deliberately designed to obstruct the judicial process and prevent plaintiff from prosecuting his claim. The defense counsel did call today and agreed to produce non-party officer on either the 24th or 28th.

Plaintiff anticipates that a motion to compel discovery may be necessary as depositions of the defendants cannot be scheduled in light of substantial non-compliance. Most respectfully, Mr. Sarpong was substituted as counsel and has requested additional time to handle said matter, plaintiff is mindful of same and finds this request reasonable; however, plaintiff is fearful of being prejudiced because of the existing deadlines. In addition, Plaintiff will be requesting that the Court enlarge fact discovery deadlines due to Mr. Sarpong's new appearance and to permit plaintiff ample opportunity, to review any newly produced materials (which defense counsel says will be voluminous) prior to any deposition taking place.

Very truly yours,

Edward Zaloba